JOSEPHINE KIFF v. W. H. KIFF.

## *Widow's Year's Support.*

1. The filing and recording of the list of articles allotted to the widow, as her year's support, as required by the statute, is essential to its validity, and to the vesting of the property or debt allotted to the widow, in her.

2. In such case, the allotment must be made with such reasonable certainty as to the thing allotted, as to indicate what property was intended by the commissioners, otherwise, the allotment will be void.

3. So, where the allotment of a year's support contained the following item, "labor for 3½ years, $173," *It was held*, void for uncertainty, and it was not competent for the widow to show, by parol evidence, that the commissioners intended, by this, to allot to her a claim which the deceased husband had against the defendant for labor done for him.

4. *It is intimated*, that in such case, the widow could have the list corrected by a proper proceeding.

CIVIL ACTION, tried before *Gudger, Judge*, at Spring Term, 1886, of HERTFORD Superior Court.

The plaintiff is the widow of John H. Kiff, deceased, and she brought this action before a Justice of the Peace, to recover from the defendant the sum of $173 and interest, a debt which she alleges was duly assigned to her as part of her year's support.

There was judgment for her, and the defendant appealed to the Superior Court, where she again obtained judgment, and the defendant appealed to this Court.

The following are the material facts :

On the trial, the plaintiff testified that her husband, from the time he was twenty-one years old, up to about the first of January, 1884, lived with the defendant, and worked on his farm as a laborer—a period of about four years—and his services were worth $10 per month. And to show that his wages had been assigned to her, she offered in evidence the record of the allotment of her year's support. The defendant objected to this evidence. Objection overruled, and defendant excepted. This record was then read in evidence.

The plaintiff next offered to show, by herself, that the commissioners intended, in allotting the year's support, to allot as a part thereof, the wages due as aforesaid, and that was what they meant when they allotted to her "labor for 3½ years, $173.00." The defendant objected, but the Court overruled the objection, and admitted the evidence, and defendant excepted.

No counsel for the plaintiff.

*Mr. B. B. Winborne*, for the defendant.

. MERRIMON, J. (after stating the facts). The statute, (The Code, §2122), prescribes, that a widow entitled to a year's support out of her deceased husband's estate, may apply to the personal representative of the deceased, and he shall apply to a Justice of the Peace of the township, or the adjoining township to that in which the deceased resided, to assign the same to her—that he shall summon two persons qualified to act as jurors, and having sworn them to act impartially, he and they shall ascertain the number of the family of the deceased, as directed by the statute, examine his stock, crop and provisions on hand, and assign to her so much thereof, as she may be entitled to have, and among other things, it provides, " that in all cases; if there be no crop, stock, or provisions on hand, or not a sufficient amount, the commissioners may allot to the widow, any articles of personal property of the deceased, and also any *debt or debts known to be due to him,* and such allotment shall vest in the widow said property, and the right to collect the debts thus allotted."  And it is further provided, (The Code, §2123), that, " The commissioners shall make and sign three lists of the articles assigned to the widow, stating the quantity and value of each, the number of the family, and the deficiency to be paid by the personal representative.  One of these lists shall be delivered to the widow, one to the personal representative, and one returned by the Justice, within twenty days after the assignment, to the Superior Court of the county, and the Clerk shall file and record the same, and enter judgment against the personal representative, to be paid when assets shall come into his hands, for any residue found in favor of the widow."  Other sections provide that an appeal may be taken from the finding of the commissioners by the widow, or any creditor, legatee or distributee of the deceased, to the Superior Court, where any issues of fact or law raised, shall be decided according to law.  The widow may also in her discretion, apply directly to the Superior Court to have her year's support allotted to her.  *The Code,* §§2128–2134.

The filing and recording of the list mentioned, in the Superior Court, and the entry of a proper judgment, as directed, are essential. It is the allotment thus consummated, or the judgment of the Court, in case of appeal, that establishes the right of the widow to the property so allotted, and the allotment thus made, is the proper evidence of her title. It is not sufficient that the commissioners intended to allot a particular piece of property or note, it must appear that they did so, by the list duly made and signed by them.

The allotment must be made with such reasonable certainty as to the thing and quantity allotted, as to indicate what is set apart, as so much corn or flour, a cow or horse, describing them, so much money, or a debt or debts, of the deceased, naming the debtors, or describing them in such way as that they may be certainly known. This is important; if it shall not be done, the allotment will be void, for uncertainty. Otherwise, the widow could not know what to demand, nor could the administrator or executor know what to deliver or pay to her; nor could the widow, the administrator or executor, or a creditor, or a legatee, or a distributee of the deceased, determine whether or not she or he ought to except to the finding of the commissioners, and appeal to the Superior Court. While the method of allotment, as at first above described, is summary in its nature, it must nevertheless possess the essential elements prescribed, and these must appear.

In the case before us, the commissioners, among other things, allotted to the plaintiff the item thus described: "Labor for $3\frac{1}{2}$ years, $173." This item, on the list of allotment, is wholly unintelligible; if it be taken alone, it implies nothing tangible. It does not indicate crop, stock, or provisions, or a debt due from any person.

It cannot be determined from it that the deceased labored for a particular person, as the defendant, the length of time mentioned, and that such person owes his estate, so much as such labor was worth, or a sum of money therefor, upon a special

contract of hiring, or whether some person owed the deceased labor for that length of time. To allow witnesses to supply such essential facts of designation and description, would be in effect to ignore the statute, and to allow them to make the allotment, which the law requires shall be made by the commissioners, and established in the way prescribed. As we have said, the commissioners must make the allotment, and with such reasonable certainty as to description and quantity, as to indicate intelligibly what is allotted; else the allotment must fail, unless the defect shall be cured by the proper authority.

The item in question is meaningless. It may be, and probably is the fact, that the commissioners intended to allot to · the plaintiff the indebtedness of the defendant, testified to by her, but this fact does not at all appear from the allotment made by them. The plaintiff ought to have made proper application to correct the omission. Perhaps she can yet do so.

There is error. The defendant is entitled to a new trial, and we so adjudge. To that end, let this opinion be certified to the Superior Court. It is so ordered.

Error. Reversed.